1

2

3

4

5             UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
6                     AT TACOMA

7    KEITH ANDERSON,

8                   Plaintiff,            CASE NO. 3:15-CV-05414-BHS-DWC

9           v.                            ORDER TO SHOW CAUSE OR
                                          AMEND
10   KITSAP COUNTY JAIL, CONMED
     INC, JOHNSON, MCKEAY LAW
11   FIRM,

12                  Defendants.

13

14        Plaintiff Keith Anderson, proceeding *pro se* and *in forma pauperis*, filed this civil rights

15   complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under

16   28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Complaint but provides Plaintiff leave

17   to file an amended pleading by August 24, 2015, to cure the deficiencies identified herein.

18                              **BACKGROUND**

19        In his Complaint, Plaintiff appears to name the following three entities as Defendants: (1)

20   Kitsap County Jail; (2) CONMED; and (3) Johnson, McKeay Law Firm.[1] Dkt. 11. Plaintiff

21   _____

22        [1] The actual language in the Complaint identifies Defendants as: Kitsap County Jail and "Conmed
     and Johnson, McKeay law firm". Dkt. 11, pp. 1, 3.  An internet search indicates "Conmed, Inc." as a
23   corporation which provides medical services to prisons. This may or may not be the entity Plaintiff is
     naming as a Defendant. In addition, "Johnson, McKeay Law Firm" may be a legal entity Plaintiff is
24   naming as a Defendant, but Plaintiff may also be intending to name "Johnson" as a Defendant along with

1  alleges a "[f]ailure to provide adequate medical care." *Id.* at p. 3. The Complaint contains no

2  other allegations or factual assertions. *See id.*

3  **DISCUSSION**

4      Under the Prison Litigation Reform Act of 1995, the Court is required to screen

5  complaints brought by prisoners seeking relief against a governmental entity or officer or

6  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

7  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

8  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

9  who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

10 152 F.3d 1193 (9th Cir. 1998).

11     In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

12 suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

13 the violation was proximately caused by a person acting under color of state law. *See Crumpton*

14 *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

15 identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

16 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

17 named defendants caused, or personally participated in causing, the harm alleged in the

18 complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

19    **A.**    **Eighth Amendment Claim**

20     Plaintiff alleges he received inadequate medical care. Dkt. 11. Deliberate indifference to

21 serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain."

22 *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillan*,

23 

24 "McKeay Law Firm" as a Defendant. Plaintiff should clarify the specific persons and/or entities he is
   naming as Defendants.

1  503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the

2  seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that

3  need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1991), *overruled on other grounds by*

4  *WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc).

5      A medical need is serious "if the failure to treat the prisoner's condition could result in

6  further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974

7  F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable

8  doctor or patient would find important and worthy of comment or treatment; the presence of a

9  medical condition that significantly affects an individual's daily activities; or the existence of

10  chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for

11  medical treatment." *Id.* at 1059-1060.

12      If a plaintiff shows he suffered from a serious medical need, he must then show the

13  prison officials responded to the need with deliberate indifference. *See Farmer v. Brennan*, 511

14  U.S. 825, 834 (1970). Deliberate indifference to a prisoner's serious medical need requires "a

15  purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In

16  other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or

17  possible medical need." *Id*. A prison official, accordingly, will not be found deliberately

18  indifferent to a prisoner's serious medical needs, "unless the official knows of and disregards an

19  excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be

20  aware of facts from which the inference could be drawn that a substantial risk of serious harm

21  exists, and he must also draw the inference." *Id.*

22

23

24

ORDER TO SHOW CAUSE OR AMEND - 3

1    Plaintiff has not alleged he suffers from a serious medical need. Dkt. 11. He also fails to

2    allege Defendants knew of and disregarded Plaintiff's serious medical need. Therefore, Plaintiff

3    has failed to state an Eighth Amendment claim of deliberate indifference.

4    **B.    Improper Defendant**

5    Plaintiff has named the Kitsap County Jail as a Defendant. Dkt. 11. The Kitsap County

6    Jail is a local governmental unit and is, therefore, not a legal entity capable of being sued. *See*

7    *Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207 (W.D. Wash. 2008); *Mahoney v. Kitsap*

8    *County Jail*, 2010 WL 5394821, *3 (W.D. Wash. Nov. 8, 2010). Any claim alleged against

9    Kitsap County Jail should be dismissed with prejudice. *See Mahoney*, 2010 WL 5394821 at *3.

10   If Plaintiff is seeking to allege a constitutional violation based on a policy or custom, the

11   appropriate party is the county itself, not the particular municipal department or facility where

12   the alleged violation occurred. *See Bradford*, 557 F.Supp.2d at 1207.

13   **C.    Instruction to Plaintiff and the Clerk**

14   If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an

15   amended complaint and within the amended complaint, he must write a short, plain statement

16   telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the

17   person who violated the right; (3) exactly what the individual did or failed to do; (4) how the

18   action or inaction of the individual is connected to the violation of Plaintiff's constitutional

19   rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See*

20   *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

21   Plaintiff shall present the amended complaint on the form provided by the Court. The

22   amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

23   and not a copy, it should contain the same case number, and it may not incorporate any part of

24

ORDER TO SHOW CAUSE OR AMEND - 4

1  the original complaint by reference. The amended complaint will act as a complete substitute for

2  the original Complaint, and not as a supplement. The Court will screen the amended complaint to

3  determine whether it contains factual allegations linking each defendant to the alleged violations

4  of Plaintiff's rights. The Court will not authorize service of the amended complaint on any

5  defendant who is not specifically linked to a violation of Plaintiff's rights.

6        If Plaintiff fails to file an amended complaint or fails to adequately address the issues

7  raised herein on or before August 24, 2015, the undersigned will recommend dismissal of this

8  action as frivolous pursuant to 28 U.S.C. § 1915.

9        The Clerk is directed to provide Plaintiff with the appropriate forms for filing a 42 U.S.C.

10  § 1983 civil rights complaint and for service.

11        Dated this 22nd day of July, 2015.

12

13                             David W. Christel

14                             United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

ORDER TO SHOW CAUSE OR AMEND - 5