UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>KITSAP COUNTY JAIL et al.,<br><br>Defendants. | CASE NO. 3:15-CV-05414-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: December 11, 2015 |

Plaintiff Keith Anderson, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. After reviewing Plaintiff's Complaint, the Court declined to serve the Complaint, but gave Plaintiff an opportunity to amend his pleading. *See* Dkt. 12. On July 28, 2015, Plaintiff filed his Amended Complaint. Dkt. 14. Plaintiff also filed a Second Application to Proceed *In Forma Pauperis* (*IFP*). Dkt. 15.

The Court denied Plaintiff's Second Application to Proceed *IFP* as moot. Dkt. 16. The Court also reviewed the Amended Complaint and declined to serve it, but gave Plaintiff an opportunity to correct the deficiencies in the Amended Complaint by ordering Plaintiff to file a second amended complaint on or before October 19, 2015 ("Order"). Dkt. 16. As stated in the Order, Plaintiff was informed that failure to file a second amended complaint or adequately

address the issues raised in the Order would result in the Court recommending dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915. *Id.*

Plaintiff has failed to file a second amended complaint, has failed to adequately address the issues raised in the Order, and has failed to file any pleading in this case after filing his Amended Complaint and Second Application to Proceed *IFP* on July 28, 2015. *See* Dkts. 14, 15. As Plaintiff has failed to follow the Court's Order and has failed to allege facts which state a claim, *see* Dkt. 16, the Court recommends dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

Furthermore, on September 18, 2015, the Order sent to Plaintiff was returned electronically indicating Plaintiff was released to Kitsap County on August 10, 2015 and was no longer at SCCC. Dkt. 17. The Clerk attempted to locate Plaintiff in the Department of Corrections "Find and Offender Database" in Kitsap County's Jail Roster but the search provided no results for Plaintiff. *Id.* It has been over sixty days since the Court had a valid address for Plaintiff. Local Rule 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address and, if electronically filing or receiving notices electronically, his or her current email address. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute.

Thus, according to 28 U.S.C. § 1915 and Local Rule 41(b)(2) the Court recommends dismissal of this action without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

1 | objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time
2 | limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on
3 | December 11, 2015 as noted in the caption.
4 |     Dated this 19th day of November, 2015.

David W. Christel
United States Magistrate Judge